IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANTREZE KNOWLES                                                                                          PLAINTIFF
ADC # 179667

v.                                              3:25CV00057-DPM-JTK

CHRISTOPHER MORRIS, et al.                                                                   DEFENDANTS

### ORDER

Antreze Knowles ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC"). Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and a Motion to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), which the Court granted by separate Order. (Doc. Nos. 1, 3) The Court must screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Plaintiff's Complaint

Plaintiff sued Grimes Unit Sergeant Christopher Morris, Corliss Jordan, and Nurse Ramona Wren (collectively, "Defendants") in their official capacities only. (Doc. No. 2 at 1-2). On January 1, 2025, Plaintiff stuck his arm "in the food port to speak with" Defendant Wren. (Id. at 4). Defendant Jordan was conducting pill call at that time. (Id.). According to Plaintiff, Defendant Jordan slammed Plaintiff's arm in the food port and "released a[] burst of mace to [Plaintiff's] facial area." (Id.). Plaintiff further alleges that Defendant Jordan did not notify Defendant Morris as he should have but continued conducting pill call as if nothing had happened. (Id.). Defendant Morris called in the incident and began questioning Defendant Jordan. (Id.). Defendant Jordan told Defendant Morris that Plaintiff tried to grab Defendant Wren. (Doc. No. 2 at 4).

Plaintiff seeks damages. (Id. at 5).

## III. Discussion

As mentioned above, Plaintiff sued Defendants in their official capacities only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's claims against any Defendant employed by the ADC are the equivalent of

claims against the State of Arkansas. To the extent Defendant Wren may be employed by a third party, Plaintiff's claims against her are the equivalent of claims against her employer. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993).

Plaintiff's allegations against Defendants Morris and Wren do not indicate any wrongdoing. Plaintiff has not alleged a constitutional violation against Defendants Morris and Wren. Without the possibility of individual liability, Plaintiff's official capacity claims fail. Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation . . . official-capacity . . . claims . . . necessarily fail.")

Plaintiff alleged excessive force against Defendant Jordan. But Plaintiff did not bring personal capacity claims and Plaintiff did not allege that Defendant Jordan acted pursuant to an unlawful ADC policy. Without such allegations, Plaintiff's claim against Defendant Jordan fails. Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) (to establish liability in official-capacity suit under § 1983, plaintiff must show defendant took action pursuant to unconstitutional governmental policy or custom) (citation omitted). Even more fundamentally, Plaintiff seeks only damages. Plaintiff's official capacity damages claim against Defendant Jordan is barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

As currently pled, Plaintiff's Complaint fails to state a claim on which relief may be granted. He will be given the chance to file an Amended Complaint to cure the defects in his pleading.

## IV. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against

all Defendants he is suing.  Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1]  Only claims properly set out in the Amended Complaint will be allowed to proceed.  Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;  3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if she makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Complaint be dismissed without prejudice.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).[2]

## V.     Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.  If Plaintiff does not submit an Amended Complaint, I will recommend that

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

[2] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states, in part: "If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

4

his Complaint be dismissed without prejudice.   28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

    2.    The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 28th day of March, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE